**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Laura Boustani, Mutsuyo Okumura Unger,       )
Chia-Min T. Chen, Mary Savas, Efty           )
Simakis, Sophia Loizos, Paramjit Singh,      )
Joseph Hajjar, Catherine Ma, Sagarika        )
Nayak, Eduardo A. Romero, Karil              )
Bialostosky, Dagmar Celeste, Ali AlHaddad    )
MD, Sawsan Alhaddad MD, Gia Hoa Ryan,        )
Margaret Wong, P.S. Murthy, Asian            )
American Bar Association of Ohio, The         )
Federation of India Community Association,   )
Service Employees International Union        )
District 1199, American-Arab Anti-           )       Civil Action No.  _____
Discrimination Committee, Greater Toledo     )
Association of Arab Americans, Council on     )
American-Islamic Relations Ohio,             )
                                             )
    Plaintiffs,                           )
                                             )
                v.                         )
                                             )
J. Kenneth Blackwell,                        )
                                             )
    Defendant._____         )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This is an action under 42 U.S.C. § 1983 to have the 2006 amendment to § 3505.20(A) of

the Ohio Revised Code (House Bill 3) declared unconstitutional both on its face and as applied,

and to enjoin its enforcement on the grounds that (1) it discriminates against naturalized citizens

and imposes an unauthorized, unnecessary and undue burden on their fundamental right to vote,

in violation of the First and Fourteenth Amendments to the United States Constitution; (2) it

violates the Civil Rights Act of 1964 (42 U.S.C. § 1971 (a)(2)(A) and (a)(2)(B)); and (3) it

constitutes a poll tax on naturalized citizens in Ohio in violation of the Twenty-Fourth and

Fourteenth Amendments to the United States Constitution.

1.

**The Plaintiffs are as follows:**

(a)     Plaintiff Laura Boustani is a naturalized citizen of the United States who is legally registered to vote in local, state, and federal elections in the State of Ohio.  To her knowledge she has voted in every primary and general election since she became a citizen.  Ms. Boustani was born in Lebanon, but has lived in the United States since 1984, and became a citizen of the United States in 1990.  She currently resides in Cuyahoga County, in the City of Cleveland.

(b)     Plaintiff Mutsuyo Okumura Unger is a naturalized citizen of the United States who is legally registered to vote in local, state, and federal elections in the State of Ohio.   She voted in the May 2006 and plans to vote in future elections.   Ms. Unger was born in Japan, but has lived in the United States since 1976, and became a citizen of the United States in March 2006.  She currently resides in Franklin County, in the City of Columbus.

(c)     Plaintiff Chia-Min Chen is a naturalized citizen of the United States who is legally registered to vote in local, state, and federal elections in the State of Ohio.  She has voted in most primary and general elections since she became a citizen and plans to vote in future elections.  Ms. Chen was born in Taiwan, has lived in the United States since she was 11 years old, and has been a citizen of the United States for 10 years.  She currently resides in Cuyahoga County, in the City of Euclid.

(d)     Plaintiff Dagmar Celeste is a naturalized citizen of the United States and former first lady of the State of Ohio.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote on the day she became a citizen and has voted in every primary and general election since then and plans to vote in future elections.   Ms. Celeste was

born in Austria, moved to the United States in 1962, and became a United States citizen in or about 1965.  She currently resides in Cuyahoga County, in the City of Cleveland.

(e)     Plaintiff Karil Bialostosky is a naturalized citizen of the United States.  She was born in Mexico and became a citizen of the United States in 1989.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote when she became a citizen, and has voted in every primary or general election since then and plans to vote in future elections.  Ms. Bialostosky currently resides in Cuyahoga County, in the City of Cleveland.

(f)     Plaintiff Efty Simakis is a naturalized citizen of the United States.  She was born in Greece and became a United States citizen in 1970.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote when she became a naturalized citizen and plans to vote in future elections.  Ms. Simakis currently resides in Cuyahoga County, in the City of Cleveland.

(g)     Plaintiff Mary Savas is a naturalized citizen of the United States.  She was born in Greece and became a United States citizen in or about 1965.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote when she became a citizen and plans to vote in future elections.  Ms. Savas currently resides in Cuyahoga County, in the City of Brooklyn Heights.

(h)     Plaintiff Sophia Loizos is a naturalized citizen of the United States.  She was born in Greece and became a citizen of the United States in or about 1965.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote when she became a citizen and plans to vote in future elections.  Ms. Loizos currently resides in Cuyahoga County, in the City of Cleveland.

(i)       Plaintiff Eduardo A. Romero is a naturalized citizen of the United States.  He was born in Peru, moved to the United States when he was 2, and became a citizen of the United States in 1972.  He registered to vote when he became a citizen, has voted in almost every primary and general election since then, and plans to vote in future elections.  He is legally registered to vote in federal, state, and local elections.  Mr. Romero currently resides in Cuyahoga County, in the city of Cleveland.

(j)       Plaintiff Paramjit Singh is a naturalized citizen of the United States.  He was born in what was then Lahore, India (which is now Lahore, Pakistan).  He became a citizen of the United States in 1986.  He is legally registered to vote in local, state, and federal elections in the State of Ohio.  He registered to vote shortly after became a citizen and plans to vote in future elections. Mr. Singh currently resides in Cuyahoga County, in the City of Shaker Heights.

(k)       Plaintiff Catherine Ma is a naturalized citizen of the United States.  She was born in Canada and became a United States citizen in about 1998.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote when she became a naturalized citizen and plans to vote in future elections.  Ms. Ma currently resides in Cuyahoga County, in the City of Cleveland.

(l)       Plaintiff Joseph Hajjar is a naturalized citizen of the United States.  He was born in Lebanon.  He became a citizen of the United States in 2000.  He is legally registered to vote in local, state, and federal elections in the State of Ohio.  He registered to vote when he became a citizen and plans to vote in future elections.  Mr. Hajjar currently resides in Cuyahoga County, in the City of Cleveland.

(m)       Sangarika (Rita) Nayak, M.D. is a naturalized citizen of the United States.  She was born in India and came to the United States for college in the mid-1970s.  She is legally registered to

vote in local, state, and federal elections in the State of Ohio.  She registered to vote around the time that she became a citizen, has voted in almost every election since then, and intends to vote in future elections.  Dr. Nayak resides in Cuyahoga County, in the City of Westlake.

(n)     Plaintiff Sawsan Alhaddad, M.D, is a naturalized citizen of the United States.  She was born in Iraq and became a citizen of the United States in 1985.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote shortly after becoming a citizen, has voted in elections regularly, and plans to vote in future elections.  Dr. Alhaddad currently resides in Cuyahoga County, in the City of Moreland Hills.

(o)     Plaintiff Ali AlHaddad, M.D. is a naturalized citizen of the United States.  He was born in Iraq and became a citizen of the United States in 1985  He is legally registered to vote in local, state, and federal elections in the State of Ohio.  He registered to vote shortly after become a citizen, has voted in elections regularly, and plans to vote in future elections.  Dr. AlHaddad currently resides in Cuyahoga County, in the City of Moreland Hills.

(p)     Plaintiff Gia Hoa Ryan is a naturalized citizen of the United States.  She was born in Vietnam and immigrated to the United States in about 1975.  She is legally registered to vote in local, state, and federal elections in the State of Ohio.  She registered to vote when she became a naturalized citizen and plans to vote in future elections.  Ms. Ryan currently resides in Cuyahoga County.

(q)     Plaintiff Margaret Wong is a naturalized citizen of the United States.  She was born in Hong Kong, and immigrated to the United States in 1969, when she was 19 years old. She became a United States citizen in about 1983.  She is legally registered to vote in local, state, and federal elections in the State of Ohio, and has voted in most elections.  She registered to vote

when she became a naturalized citizen and plans to vote in future elections. Ms. Wong currently resides in Cuyahoga County, in the City of Shaker Heights.

(r)     Dr. P.S. Murthy is a naturalized citizen of the United States. He was born in India. He is legally registered to vote in local, state, and federal elections in the State of Ohio. He registered to vote shortly after become a citizen, has voted regularly, and plans to vote in future elections. Dr. Murthy currently resides in Stark County, where he is the elected county coroner.

(s)     Plaintiff Federation of India Community Associations ("FICA") is an organization representing the interests of people of Indian descent in the Greater Cleveland area. Its mission includes serving the interests of Indian Americans, including their right to full and equal participation in the democratic process. Its members include naturalized citizens of the United States who are legally registered and eligible to vote in local, state, and federal elections in the State of Ohio and who intend to vote in future elections.

(t)     Plaintiff Asian American Bar Association ("AABA") is an organization representing the interests of Asian American lawyers in the Greater Cleveland area. Its mission includes addressing legal issues of particular concern to Asian/Pacific-American and immigrant communities, including their interests in full and equal participation in the democratic process. Its members include naturalized citizens of the United States who are legally registered and eligible to vote in local, state, and federal elections in the State of Ohio and who intend to vote in future elections.

(u)     Plaintiff Greater Toledo Arab American Association ("GTAAA") is an organization representing the interests of Arab Americans in the greater Toledo area. Its mission includes advocacy in support of the interests of Arab Americans, including their right to full and equal participation in the democratic process. Its members include naturalized citizens of the United

6

States who are legally registered and eligible to vote in local, state, and federal elections in the State of Ohio and who intend to vote in future elections.

(v)    Plaintiff Council of American-Islamic Relations of Ohio ("CAIR-Ohio") is the state's chapter of the nation's largest Islamic civil liberties group.  Its mission is to advocate on behalf of the interests of the approximately 150,000 Muslims living in Ohio, including their interest in full and equal participation in the democratic process.  Its members include naturalized citizens of the United States who are legally registered and eligible to vote in local, state, and federal elections in the State of Ohio and who intend to vote in future elections.

(w)    Plaintiff American-Arab Anti Discrimination Committee ("ADC") is a Washington, D.C.-based national organization representing the interests of people of Arab descent across America.  It has members across Ohio.  Its mission includes defending the rights of Arab Americans, including their right to full and equal participation in the democratic process.  Its members include naturalized citizens of the United States who are legally registered and eligible to vote in local, state, and federal elections in the State of Ohio and who intend to vote in future elections.

(x)    Plaintiff Service Employees International Union District 1199 is a labor union representing the interests of workers in Ohio and other states.  Its mission includes advocacy in support of the interests of its members, including their right to full and equal participation in the democratic process.  Its members include naturalized citizens of the United States who are legally registered and eligible to vote in local, state, and federal elections in the State of Ohio and who intend to vote in future elections.

2.

**The Defendant is as follows:**

(a)      J. Kenneth Blackwell, who is sued in his official capacity as the Secretary of State of Ohio.  Under the Ohio Election Code (Ohio Rev. Code §§ 3501.01 *et seq.*), the Secretary of State functions as the chief election officer of the state (Ohio Rev. Code § 3501.04).  In that capacity, he is charged with the duty of providing general supervision over the administration of the election laws throughout the state of Ohio, including Ohio Rev. Code § 3505.20.  He is also responsible for promulgating rules, instructions, and directives for the conduct of elections in Ohio, and compelling election officers to observe the requirements of all state and federal election laws (Ohio Rev. Code §§ 3501.01 and 3501.05).

## Jurisdiction and Venue

3.

This case arises under the Constitution and laws of the United States.  This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1343(3) & (4), and 42 U.S.C. §§ 1971(d), and 1973j(f).  This suit is authorized by 42 U.S.C. § 1983.  This court has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2102.

4.

Venue in this district and division is proper under 28 U.S.C. § 1391(b) because this action is predicated upon a federal question and a substantial part of the events or omissions giving rise to the claims alleged herein occurred, and will continue to occur, in this district.

## **The New Proof of Citizenship Requirements for Naturalized Citizens**

5.

In 2006, the Ohio General Assembly passed House Bill 3, which amended § 3505.20 of the Ohio Revised Code to require that voters who are challenged at a polling place on the ground that they are not United States citizens to identify the official documentation they possess to prove their citizenship and to produce that documentation.  The statute requires that challenged voters who claim to be naturalized citizens produce their naturalization certificates for inspection by an election judge before casting a ballot, but does not required challenged voters who claim to be native-born to produce any document.  Specifically, the revised statutory section provides:

(A) If the person is challenged as unqualified on the ground that the person is not a citizen, the judges shall put the following questions:

(1) Are you a citizen of the United States?
(2) Are you a native or naturalized citizen?
(3) Where were you born?
(4) What official documentation do you possess to prove your citizenship?  Please provide that documentation.

If the person offering to vote claims to be a naturalized citizen of the United States, the person shall, before the vote is received, produce for inspection of the judges a certificate of naturalization and declare under oath that the person is the identical person named in the certificate.  If the person states under oath that, by reason of the naturalization of the person's parents or one of them, the person has become a citizen of the United States, and when or where the person's parents were naturalized, the certificate of naturalization need not be produced. . . .

Ohio Rev. Code § 3505.20(A).

6.

The revised section further provides that challenged voters who are naturalized citizens but who do not produce their naturalization certificates on Election Day must vote by provisional ballot:

> If the person is unable to provide a certificate of naturalization on the day of the election, the judges shall provide to the person, and the person may vote, a provisional ballot under section 3505.181 of the Revised Code.  The provisional ballot shall not be counted unless it is properly completed and the board of elections determines that the voter is properly registered and eligible to vote in the election.

*Id.*

7.

A naturalized citizen whose eligibility is challenged and who does not produce a naturalization certificate at the polls may cast a provisional ballot pursuant to § 3505.181(A)(7) of the Ohio Revised Code.  Section 3505.181(B)(7) provides that, when the naturalized citizen casts a provisional ballot, an election official "shall indicate, on the provisional ballot verification statement . . . that the individual is required to provide additional information to the board of elections . . . such that additional information is required for the board of elections to determine the eligibility of the individual who cast the provisional ballot."  Section 3505.181(B)(8) provides that, "[d]uring the ten days after the day of an election," the naturalized citizen "shall appear at the office of the board of elections and provide to the board any additional information necessary to determine [his or her] eligibility."

8.

Section 3505.183(B)(4)(a) provides that the "provisional ballot envelope shall *not* be opened, and the ballot shall *not* be counted" if, where applicable, "the individual did not provide any additional information required under division (B)(8) of section 3505.181 of the Revised Code within ten days after the day of the election." (emphasis added).  The statute is vague and ambiguous as to precisely what documentation must be produced for the provisional ballots of naturalized citizens to count, and the failure to provide clear standards can be expected to result in arbitrary and disparate treatment of similarly situated voters.

10

9.

The statute does not require native-born citizens to produce any documentation of citizenship in order to cast a regular ballot or to have their votes counted.

10.

The statute does not require that citizens who acquired their citizenship through the naturalization of their parents provide their parents' naturalization certificates.  Instead, such citizens may swear under oath that they acquired their citizenship through their parents' naturalization, and swear to when or where their parents became citizens.

11.

Before House Bill 3 was enacted, under the prior version of § 3505.20(A), naturalized citizens could respond to a challenge to their citizenship at the polls either by producing their naturalization papers for inspection, or by stating under oath where and when they were naturalized, and that they have had a naturalization certificate that is either lost, destroyed, or beyond their power to produce for inspection.  House Bill 3 eliminated the opportunity for naturalized citizens to swear an oath affirming their citizenship status in lieu of producing a naturalization certificate.

12.

Governor Robert Taft signed House Bill 3 into law on January 31, 2006.  The proof of citizenship requirement for naturalized citizens took effect on June 1, 2006.

13.

The new proof of citizenship requirement will impose an unnecessary and undue burden on thousands of naturalized citizens of Ohio, including members of the plaintiff organizations,

who are fully eligible, registered, and qualified to vote, but who cannot produce a naturalization certificate on demand at the polls.

14.

Naturalized citizens of Ohio, who no longer have copies of their naturalization certificates because their original certificates were lost, destroyed, damaged, or stolen, will be completely denied the right to vote as a result of the new proof of citizenship requirements in Ohio law.

15.

The new proof of citizenship requirement imposes substantial costs on naturalized citizens who do not have copies of their naturalization certificates—including the U.S. Department of Homeland Security fee of over $200 for a replacement certificate and the indirect costs of obtaining a new naturalization certificate.

16.

It takes a long time—often over a year—to obtain a replacement naturalization certificate from the U.S. Department of Homeland Security.  Naturalized citizens whose naturalization certificates are lost, stolen, damaged, or destroyed within months before an election will not be able to obtain a replacement certificate in time to vote or to have their provisional ballots counted.

17.

Many naturalized citizens of Ohio who have naturalization certificates, including members of the plaintiff organizations, will not have copies of those certificates on their persons when they appear at the polls on Election Day.  Most naturalized citizens do not regularly carry copies of their naturalization certificates on their persons.   Many naturalized citizens keep their

certificates in a safe deposit box or other secure location so that they will not be lost or stolen. The naturalization certificate issued by the U.S. Department of Homeland Security is an 8½ x 11 inch document containing an original photograph of the naturalized citizen on the bottom left quadrant. Moreover, on information and belief, on Election Day this year, many naturalized citizens will not be aware of the new requirements of House Bill 3 and therefore will not know to bring a copy of their naturalization certificates to the polls.

18.

By eliminating the provision allowing naturalized citizens to swear an oath regarding their citizenship while retaining the use of such oaths for other citizens, the state has imposed an arbitrary and unreasonable burden on the right to vote for naturalized citizens.

19.

There is no compelling or even legitimate justification for this extraordinary burden on the right to vote of naturalized citizens of Ohio.

20.

There is no legitimate or rational reason to believe that requiring proof of citizenship from naturalized citizens only is likely to prevent voting by ineligible non-citizens. There is no evidence that non-citizens have voted or will attempt to vote in Ohio. There is no legitimate reason to exclude thousands of eligible citizens from the franchise based on the unlikely possibility that any person will attempt to vote by impersonating a naturalized citizen at the polls.

21.

There is no rational or legitimate reason to limit the evidence a naturalized citizen may produce to demonstrate her status as a U.S. citizen to a naturalization certificate. Under Ohio's new proof of citizenship requirements, naturalized citizens are not even permitted to show a

United States passport as proof of their citizenship.  Nor are they entitled to swear an oath under penalty of perjury affirming their status as U.S. citizens.

22.

Existing provisions of Ohio's Election Code and federal law adequately protect against voter fraud by non-citizens.  Such fraud could also be prevented by far less restrictive measures than those contained in § 3505.20.

23.

Section 3505.20 discriminates against naturalized citizens by denying them the right to vote if they do not provide documentary proof of their status if their eligibility to vote is challenged on the basis of citizenship.  Only naturalized citizens must carry proof of their citizenship with them to guarantee the opportunity to cast a regular ballot.

24.

The State of Ohio has placed a unique and undue burden on naturalized citizens who want to exercise their right to vote, but the State does not further a compelling or even a legitimate interest in doing so.

25.

Under the amended statute, to qualify to vote naturalized citizens must perform an extra step not required of native-born citizens or those who acquire their citizenship via their parents' naturalization.

26.

Section 3505.20 denies eligible citizens the right to vote based on an act or omission that is not material to determining their eligibility to vote.  Specifically, it denies naturalized citizens the right to vote based on their failure to produce a naturalization certificate.

27.

If documentary proof of citizenship were material to determining an individual's qualification to vote, the State of Ohio would require such proof from all potential voters. Because it does not require individuals who acquired their citizenship through birth or through their parents' naturalization to furnish proof of their citizenship to vote, such proof is not material to determining a voter's qualifications.

28.

Ohio has not previously required proof of citizenship from any of its citizens as a condition of exercising the franchise.

29.

On information and belief, no other state in the country discriminates against naturalized citizens by subjecting them to different proof of citizenship requirements than other citizens, in order to exercise their right to vote.  On information and belief, only one other state requires proof of citizenship from any of its voters.

## **Count One**

**Discrimination in Violation of the Fourteenth Amendment to the United States Constitution**

30.

The allegations of paragraphs 1 through 29 above are hereby incorporated as allegations of paragraph 30 of Count One of the complaint.

31.

The proof of citizenship requirement singles out naturalized citizens in creating a requirement that they must fulfill before casting a regular ballot or before having their provisional ballot count.  This requirement discriminates on the basis of national origin in

15

violation of plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

32.

This requirement also unlawfully discriminates against a group of citizens—naturalized citizens—with respect to the fundamental right to vote in violation of the Fourteenth Amendment.

### Count Two

**Undue Burden on the Right to Vote in Violation of the First and Fourteenth Amendments to the United States Constitution**

33.

The allegations of paragraphs 1 through 29 above are hereby incorporated as allegations of paragraph 33 of Count Two of the complaint.

34.

The proof of citizenship requirement imposes an undue burden on the fundamental right of registered voters in Ohio to vote that is neither justified by, nor narrowly tailored to promote substantial or compelling state interests. This requirement infringes on plaintiffs' fundamental right to vote under the First and Fourteenth Amendments to the Constitution of the United States.

35.

The proof of citizenship requirement also violates the Fourteenth Amendment to the extent that the proof of citizenship requirement leads to different standards across the state of Ohio for documentation required for a provisional ballot to count.

## Count Three

### Violation of the Twenty-Fourth and Fourteenth Amendments

36.

The allegations of paragraphs 1 through 29 above are hereby incorporated as allegations of Paragraph 36 of Count Three of the complaint.

37.

There will be candidates for federal office on the November 2006 ballot.

38.

The proof of citizenship requirement constitutes a poll tax on eligible voters who are naturalized citizens of the United States, in violation of the Fourteenth and Twenty-Fourth Amendments to the Constitution of the United States.

## Count Four

### Violation of the Civil Rights Act of 1964 (42 U.S.C. §§ 1971 (a)(2)(A) and 1971 (a)(2)(B))

39.

The allegations of paragraphs 1 through 29 above are hereby incorporated as allegations of Paragraph 39 of Count Four of the complaint.

40.

The proof of citizenship requirement in § 3505.20 of the Ohio Revised Code violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(A), which provides:

No person acting under color of law shall—

(A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote . . . .

17

41.

The proof of citizenship requirement violates § 1971(a)(2)(A) because only naturalized citizens must furnish proof of their citizenship as a condition of being allowed to vote, while Ohio law imposes no such requirement on native born citizens or citizens who acquire their status through the naturalization of their parents.

42.

The proof of citizenship requirement also violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B), which provides as follows:

No person acting under color of law shall—

(B) deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election . . . .

Because Ohio does not require that all voters furnish proof of citizenship on demand at the polls, such proof is not material in determining an individual's qualification to vote. Therefore, by denying the vote individuals who do not produce their naturalization certificates on Election Day, the amended statute violates 42 U.S.C. § 1971(a)(2)(B).

**<u>Irreparable Harm/Inadequate Remedy at Law</u>**

43.

The State of Ohio will hold general elections on November 7, 2006 that will be subject to the new proof of citizenship requirement.  Ohio voters will select candidates for major statewide and federal offices, including governor, senator, representative, attorney general, and secretary of state.

44.

The members of the organizational plaintiffs and individual plaintiffs who are naturalized citizens will be irreparably harmed if they cannot produce their naturalization certificate on demand on election day and therefore must forfeit their rights as registered voters to vote in the next and subsequent elections or referenda for which they cannot be adequately compensated in an action at law for money damages.

WHEREFORE, Plaintiffs respectfully pray as follows:

(a)     the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring the proof of citizenship requirement in the 2006 Amendment to Ohio Rev. Code § 3505.20(A) unconstitutional and in violation of federal law, and null and void;

(b)     the Court enter a preliminary and permanent injunction pursuant to Fed. R. Civ. Proc. 65 restraining and enjoining defendant individually and in his official capacity from enforcing or applying the proof of citizenship requirement to deny plaintiffs or any other registered voter in Ohio admission to the polls, a regular ballot, or the right to cast and have their ballot counted in any special, general, run-off, primary, or referenda election in Ohio because of their failure or refusal to present a naturalization certificate required by Ohio Rev. Code § 3505.20(A)(4);

(c)     Plaintiffs recover their reasonable attorneys' fees and costs; and

(d)     Plaintiffs have such other and further relief that the Court deems just and equitable.

This 29th day of August 2006.

Respectfully submitted,


/s/ Meredith Bell-Platts
Meredith Bell-Platts (OH 72917)
Laughlin McDonald
Neil Bradley
ACLU Voting Rights Project
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303
(404) 523-2721
(404) 653-0331 (facsimile)
mbell@aclu.org
lmcdonald@aclu.org
nbradley@aclu.org

Subodh Chandra (OH 69233)
2275 Chestnut Hills Drive
Cleveland, OH 44106-4602
(216) 965-6463
(216) 721-4008 (facsimile)
Subodh.Chandra@StanfordAlumni.org

Carrie L. Davis (OH 77041)
ACLU of Ohio
4506 Chester Ave
Cleveland, OH 44103
(216) 472-2220
(216) 472-2210 (facsimile)
cdavis@acluohio.org

Daniel P. Tokaji
The Ohio State University
Moritz College of Law*
55 W. 12th Ave.
Columbus, OH 43210
(614) 292-6566
(614) 688-8422 (facsimile)
tokaji.1@osu.edu
* Institutional affiliation provided for purposes
of identification only

Jon M. Greenbaum
Benjamin J. Blustein
Lawyers' Committee for Civil Rights under Law
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
(202) 662-8315
(202) 662-8600 (facsimile)
jgreenbaum@lawyerscommittee.org
bblustein@lawyerscommittee.org

Wendy Weiser
Justin Levitt
Brennan Center for Justice
NYU School of Law
161 Avenue of the Americas
12th Floor
New York, NY 10013
(212) 998-6730
(212) 995-4550 (facsimile)
wendy.weiser@nyu.edu
justin.levitt@nyu.edu

Counsel for Plaintiffs