UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LAURA BOUSTANI, et al., ) | CASE NO. 1:06CV2065 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| JON HUSTED, in his official capacity ) | |
| as Ohio Secretary of State, ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiffs' Motion (ECF DKT #44) for Additional Relief.  For the following reasons, the Motion is denied.

## I. BACKGROUND

In August of 2006, Plaintiffs brought the above-captioned action, on behalf of a number of naturalized citizens in the State of Ohio, seeking to enjoin enforcement of R.C. § 3505.20(A)(2), (3), and (4).  On October 4, 2006, after hearing, and upon agreement of the parties, the Court permanently enjoined enforcement of R.C. § 3505.20(A)(2), (3), and (4). Furthermore, the Court ordered that the Secretary of State, in light of the approaching General Elections of November 7, 2006, "shall: (1) issue a Directive, which is not inconsistent with

this Opinion and Order, to the local boards of election in all counties of the State of Ohio, and (2) shall place, or cause to be placed in each voting location, conspicuous notice in clear, simple language, reciting that naturalized citizens will not be required to provide additional documentation or information before casting their regular ballot." (ECF DKT #18 at 2). In a more detailed Order, issued a few weeks later, the Court concluded:

> Because amended R.C. § 3505.20(A)(2), (3), (4), and the text immediately following, imposes an undue burden on the fundamental right to vote of naturalized citizens in Ohio; since the statute, as amended, subjects naturalized citizens to disparate treatment in violation of the Fourteenth Amendment of the United States Constitution; and since the implementation of the law offends constitutional sensibilities by categorizing naturalized individuals as "second-class citizens," and by promoting fraud or deceit in order to avoid its impact on the free exercise of their franchise, this Court finds amended R.C. § 3505.20(A)(2), (3), and (4), *et seq*. unconstitutional.

(ECF DKT #20 at 6-7).

On September 25, 2012, Plaintiffs, concerned about "a wave of anti-immigration sentiment and legislation sweeping the nation," and troubled that the Ohio General Assembly has yet to repeal or amend the enjoined portions of R.C. § 3505.20, filed the instant Motion for Additional Relief (ECF DKT #44). Plaintiffs contend that the Court retains jurisdiction over any "unanticipated problems" that arise in implementing the October 4, 2006 Order and that relief is authorized under Fed.R.Civ.P. 60(B). They seek an Order, requiring that, until § 3505.20 is repealed by the Ohio General Assembly:

> (1) Defendant issue a Directive before each primary and general election instructing boards of election in all Ohio counties to comply with the injunctive relief described in this Court's October 4, 2006 Order, and the Order to be issued on this motion, and to make the language of that injunctive relief available to all board members and elections officials, including poll workers, and

> (2) Defendant place, require to be placed, and cause to be placed in each voting location, conspicuous notice in clear, simple language, reciting that naturalized citizens will not be required to provide additional documentation or information before casting their regular ballot, and
>
> (3) Defendant direct and publicize a letter to leaders and members of the Ohio General Assembly stating that the continued existence of § 3505.20's unconstitutional provisions, some six years after this Court declared those provisions unconstitutional, pose a continuing threat to voting rights in this state and requesting that the General Assembly proceed forthwith to repeal this unconstitutional statute.

The Ohio Secretary of State has filed a Memorandum Contra Plaintiffs' Motion (ECF DKT #49), and asserts that (1) the requirements for relief from judgment under Fed.R.Civ.P. 60(b) have not been met; (2) this Court no longer retains jurisdiction because no "unanticipated problems" have arisen; (3) the claim is moot as no live case or controversy exists; and (4) Plaintiffs lack standing. Plaintiffs' Response (ECF DKT #50) was filed on October 26, 2012.

## II. LAW AND ANALYSIS

**Federal Jurisdiction**

**Case or Controversy and Standing**

"Article III, § 2, of the Constitution confines federal courts to the decision of 'Cases' or 'Controversies.' Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997), citing *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 663-64 (1993). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *See Allen v. Wright*, 468 U.S. 737, 751 (1984). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990). A plaintiff must

demonstrate (1) he has suffered an "injury in fact," that is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiffs ask this Court to issue an Order, effective from the present until the repeal of the unconstitutional portions of R.C. § 3505.20, that requires the Secretary of State to issue a Directive, before each primary and general election, to all election board members, elections officials, and poll workers, instructing compliance with the injunctive relief imposed in this Court's October 4, 2006 Order (ECF DKT #18).  Plaintiffs have no evidence that any citizen has been subjected to the unconstitutional inquiry in R.C. § 3505.20(A)(2)-(4), which was struck down in 2006.  Rather, Plaintiffs reference news articles and utilize terms such as: "potential;" "possible;" "likely;" and "reason to believe."

On the other hand, there is no dispute that former-Secretary of State Blackwell's Directive 2006-72, complying with the injunction imposed by this Court, is still in effect. Further, on September 11, 2008, then-Secretary of State Brunner issued Directive 2008-92, which mandated that the boards of elections follow all previous directives (including Directive 2006-72), unless subsequently and specifically superseded, revoked or replaced by a subsequent directive of the Secretary of State.  (ECF DKT #44-6).

Plaintiffs also do not dispute that the Secretary's election training materials, consisting of the Precinct Election Official Training Manual, the Precinct Election Official Quick Reference Guide, and the Precinct Election Official Training Course, make clear that Ohio law does not permit poll workers to require a challenged voter to show citizenship documentation.

Therefore, the Court finds that Plaintiffs have not satisfied their burden of demonstrating an "injury in fact," that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  In the absence of standing, there is no actual case or controversy over which the Court may exercise jurisdiction.

**Delay**

Plaintiffs also request that the Court order the Secretary of State to "place, require to be placed, and cause to be placed in each voting location, conspicuous notice in clear, simple language, reciting that naturalized citizens will not be required to provide additional documentation or information before casting their regular ballot."  Although the specific signage was placed in all voting locations for the November 7, 2006 Election, Plaintiffs assert that no notices have been posted for any election since; and that the Secretary of State denies that there is any obligation to do so.

The Secretary of State does not dispute that signs and notices have not been posted for any election since the original election in November of 2006; yet, the Secretary of State points out that Plaintiffs have waited an inordinate amount of time before requesting this remedy.  The Court notes that there have been multiple elections since its injunction order was first issued, including the Presidential Election of 2008.  Despite numerous opportunities to raise their concerns over threats to the free exercise of citizens' franchise, and/or the wave of anti-immigrant sentiment, Plaintiffs "slept on their rights" until September 25, 2012 – little more than a month before the 2012 Presidential Election.  Though the Court has been provided no evidence of the manpower and cost involved in developing and placing notices in polling locations throughout the State, it must be cognizant of the burdens the State likely would face.

As U.S. District Judge Susan J. Dlott recently determined: "At this late stage, the State's interest in ensuring a smooth election process militates against any order that would require potentially onerous last minute changes to the procedures put in place by the State and each of its eighty-eight boards of elections. Due to the apparently unnecessary delay in filing this lawsuit, the Court is particularly sensitive to that state interest." *Fair Elections Ohio v. Jon Husted*, Case No. 1:12CV797 at 37 (S.D.Ohio Nov. 1, 2012) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006)). "Court orders affecting elections . . . can themselves result in voter confusion . . . As an election draws closer, that risk will increase." *Purcell*, 549 U.S. at 4-5.

For these reasons, the Court will not grant Plaintiffs' request for the additional relief, requiring posting of notices at every voting location for all elections until such time as R.C. § 3505.20 is repealed by the Ohio legislature.

**Separation of Powers**

Plaintiffs' third request is for an Order directing the Secretary of State to publish a letter to the General Assembly, suggesting the legislative body "proceed forthwith to repeal this unconstitutional statute." Upon due consideration, the Court declines to grant Plaintiffs' request because the Court lacks the constitutional authority to do so. Each branch of government must accord deference to the others. The Ohio Constitution, like the United States Constitution, grants the legislature the power to make and change the laws. "When called upon to judge the actions of a coequal branch of government, a federal court is required to grant a great deal of deference to the other branch's determinations." *Walters v. Nat. Assn. of Radiation Survivors*, 473 U.S. 305, 319 (1985). For that critical reason, this Court denies Plaintiffs' Motion, seeking to order the Secretary of State to urge the Ohio General Assembly

to take action with regard to an Ohio statute.

**Unanticipated problems and exceptional or extraordinary circumstances**

Plaintiffs have not supplied any evidence of "unanticipated problems," arising out of the October 4, 2006 Opinion and Order.  They have described fears, concerns, probabilities, and likelihoods.  In its 2006 Order, the Court made clear that the challenged sub-sections of R.C. § 3505.20 are unconstitutional.  Repeating that holding will not make them any more constitutionally flawed.

Plaintiffs' reliance upon Fed.R.Civ.P. 60(b) is unavailing.  Fed.R.Civ.P. 60(b)(6) permits a court to revisit an order for "any other reason that justifies relief."  However, even that "catch-all" is governed by 60(c)(1), requiring a motion be made within a "reasonable time."  As previously discussed, six years and many elections have passed before Plaintiffs brought their Motion for Additional Relief to the Court's attention.

The time which has elapsed is not reasonable; the Motion is impermissibly asking the Court to reinforce the terms of its prior Order and to alter its terms; and, in the absence of an actual case or controversy, the Court's ruling would be advisory at best.

### III. CONCLUSION

For all these reasons, Plaintiffs' Motion (ECF DKT #44) for Additional Relief is denied.

**IT IS SO ORDERED.**

                                        s/ Christopher A. Boyko
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

Dated:  November 6, 2012