**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

LAURA BOUSTANI, *et al.*,

                   *Plaintiffs*,

v.

FRANK LAROSE, in his official capacity as
Ohio Secretary of State,

                   *Defendant*.

Case No. 1:06-cv-02065

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY
<u>MOTION TO ENFORCE THE JUDGMENT VIA CIVIL CONTEMPT PROCEEDINGS</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................ 1

BACKGROUND ........................................................................................................... 1

I.    2006 Injunction Against Ohio Secretary of State in *Boustani v. Blackwell* ............................ 1

II.   2024 Form 10-U Issued by Ohio Secretary of State ................................................ 3

ARGUMENT ................................................................................................................. 5

I.    The Secretary Violated a Definite and Specific Order Contained in This Court's Permanent Injunction. .................................................................................................. 5

II.   There Is No Permissible Basis for the Secretary's Failure to Comply with This Court's Injunction. .................................................................................................................. 7

CONCLUSION ............................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Boustani v. Blackwell*,
  460 F. Supp. 2d 822 (N.D. Ohio 2006) .................................................................. 1

*Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's*
  *Electric Service Co.*,
  340 F.3d 373, 378 (6th Cir. 2003) ...................................................................... 5, 7

*Glover v. Johnson*,
  931 F. Supp. 1360 (E.D. Mich. 1996) .................................................................. 6

*Glover v. Johnson*,
  934 F.2d 703 (6th Cir. 1991) ................................................................................ 7

*In re Jaques*,
  761 F.2d 302 (6th Cir. 1985) ................................................................................ 6

*Maggio v. Zeitz*,
  333 U.S. 56 (1948) ................................................................................................ 8

*McComb v. Jacksonville Paper Co.*,
  336 U.S. 187 (1949) .............................................................................................. 5

*National Labor Relations Board v. Bannum, Inc.*,
  93 F.4th 973 (6th Cir. 2024) .............................................................................. 7, 8

*National Labor Relations Board v. Cincinnati Bronze, Inc.*,
  829 F.2d 585 (6th Cir. 1987) ................................................................................ 6

*Peppers v. Barry*,
  873 F.2d 967 (6th Cir. 1989) ................................................................................ 8

*Rolex Watch U.S.A., Inc. v. Crowley*,
  74 F.3d 716 (6th Cir. 1996) ........................................................................... 6, 7, 8

*Salazar v. Buono*,
  559 U.S. 700 (2010) .............................................................................................. 6

*Shillitani v. United States*,
  384 U.S. 364 (1966) .............................................................................................. 5

*Spallone v. United States*,
  493 U.S. 265 (1990) .............................................................................................. 5

*Taggart v. Lorenzen*,
  587 U.S. 554 (2019) .............................................................................................. 5

*United States v. Rylander*,
  460 U.S. 752 (1983) .............................................................................................. 7

**Statutes**

R.C. § 3505.20(A) ...................................................................................... 1, 2, 3, 7

**Other Authorities**

David Rees, *How Secretary of State Frank LaRose says Ohio's elections are secured*,
NBC 4i News (Oct. 22, 2024),
https://www.nbc4i.com/news/your-local-election-hq/how-secretary-of-state-frank-larose-says-
ohios-elections-are-secured/ ........................................................................................... 9

Jake Zuckerman, *Cuyahoga prosecutor says Ohio AG Dave Yost indicted a dead man for illegal
voting* (Oct. 23, 2024),
https://www.cleveland.com/open/2024/10/cuyahoga-prosecutor-says-ohio-ag-dave-yost-
indicted-a-dead-man-for-illegal-voting.html ................................................................... 9

Julie Carr Smith, *Ohio finds 597 noncitizens who voted or registered in recent elections, a
fraction of its electorate*, Associated Press (Aug. 21, 2024),
https://apnews.com/article/ohio-voters-citizenship-referrals-
42799a379bdda8bca7201d6c42f99c65 ............................................................................. 9

Keith Douglas & Myrna Perez, *Noncitizen Voting: The Missing Millions* (May 5, 2017),
https://perma.cc/J4X8-LYDM ........................................................................................ 9

Lynn Hulsey, *Six indictments in Ohio allege non-U.S. citizens voted*, Springfield
News-Sun (Oct. 22, 2024),
https://perma.cc/4Q5U-V5J8 .......................................................................................... 9

Ohio Att'y Gen., *News Releases: Grand Juries Indict 6 for Illegal Voting* (Oct. 22, 2024),
https://www.ohioattorneygeneral.gov/Media/News-Releases/October-2024/Grand-Juries-
Indict-6-for-Illegal-Voting ............................................................................................ 9

Ohio Secretary of State, *Directives, Advisories, Memos & Tie Votes*,
https://www.ohiosos.gov/elections/elections-officials/rules/ ......................................... 3

Ohio Secretary of State, *Form No. 10-U Prescribed by Secretary of State (10/2024)*,
https://www.ohiosos.gov/globalassets/elections/forms/10-u.pdf .................................... 3

Ohio Secretary of State, *Forms & Petitions*,
https://www.ohiosos.gov/elections/elections-officials/forms-petitions/ ........................ 3, 8

Ohio Secretary of State, *Media Center*,
https://www.ohiosos.gov/media-center/press-releases/ ................................................. 3

## INTRODUCTION

On October 4, 2006, this Court permanently enjoined the Secretary of State from enforcing a provision of law that required naturalized citizens to produce documentary proof of citizenship if challenged at the polls—finding the provision unconstitutional and in fact "shameful." ECF No, 20, PageID 260. Earlier this month, on the eve of the 2024 presidential election, and with no notice to the public, the Secretary defied that order. Upending over a decade of established election procedure, the Secretary brazenly implemented several of the precise portions of Section 3505.20 of the Ohio Revised Code that this Court had permanently enjoined him from enforcing. Under this Court's civil-contempt authority, the Court can and should order the Secretary to comply with its 2006 order.

## BACKGROUND

### I. 2006 Injunction Against Ohio Secretary of State in *Boustani v. Blackwell*

This Court has already confronted—and permanently enjoined enforcement of—a requirement that naturalized citizens in Ohio produce documentation proving their citizenship, and thus their eligibility to vote, when challenged at their polling place.

In 2006, the Ohio General Assembly passed House Bill 3, which required naturalized citizens who were challenged at the polling place by any precinct election official on the ground that the voter is not a citizen to provide their certificate of naturalization to vote. R.C. § 3505.20(A); ECF No. 18, PageID 247.[1] This now-enjoined amendment to Ohio law allowed voters who failed "to provide a certificate of naturalization on the day of election" to cast a provisional ballot, which would be counted only if "the board of elections determines that the voter is properly registered and eligible to vote in the election." R.C. § 3505.20(A)(4).

---

[1] All ECF citations in this motion are to the docket filings in this case: *Boustani v. Blackwell*, No. 1:06-cv-02065-CAB (N.D. Ohio).

Plaintiffs, naturalized citizens registered to vote in Ohio, as well as organizations with naturalized citizen members, filed this underlying action on August 29, 2006, seeking to enjoin enforcement of the 2006 amendments to § 3505.20(A). *See* Compl., ECF No. 1. On October 4, 2006, this Court determined that the challenged portions of Section 3505.20 were unconstitutional, and it accordingly issued a permanent injunction against their enforcement. ECF No. 20, PageID 260–61; *see also* ECF No. 18, PageID 248.

Specifically, this Court issued a permanent injunction "against Defendant, J. Kenneth Blackwell, as Secretary of State, and all others acting for and on his behalf," enjoining "subsections (A)(2), (3), and (4) and the text following immediately thereafter" of Section 3505.20(A) of the Ohio Revised Code. ECF No. 18, PageID 247. The enjoined portions of Section 3505.20(A) read as follows:

(2) Are you a native or naturalized citizen?

(3) Where were you born?

(4) What official documentation do you possess to prove your citizenship? Please provide that documentation.

If the person offering to vote claims to be a naturalized citizen of the United States, the person shall, before the vote is received, produce for inspection of the judges a certificate of naturalization and declare under oath that the person is the identical person named in the certificate. If the person states under oath that, by reason of the naturalization of the person's parents or one of them, the person has become a citizen of the United States, and when or where the person's parents were naturalized, the certificate of naturalization need not be produced. If the person is unable to provide a certificate of naturalization on the day of the election, the judges shall provide to the person, and the person may vote, a provisional ballot under section 3505.181 of the Revised Code. The provisional ballot shall not be counted unless it is properly completed and the board of elections determines that the voter is properly registered and eligible to vote in the election."

ECF No. 18, PageID 247–48.

To "effectuate the implementation" of its permanent injunction, this Court also ordered that the Secretary of State shall: (1) "issue a Directive, which is not inconsistent with this Opinion

and Order, to the local boards of election in all counties of the State of Ohio," and (2) "shall place, or cause to be placed in each voting location, conspicuous notice in clear, simple language, reciting that naturalized citizens will not be required to provide additional documentation or information before casting their regular ballot." *Id.* at PageID 248.

This Court entered judgment on October 26, 2006. ECF No. 21. The Secretary did not appeal.

## II. 2024 Form 10-U Issued by Ohio Secretary of State

Form 10-U, titled "Affidavit-Oath-Examination of Person Challenged," is the form that the Secretary prescribes for precinct election officials to process challenges to a voter's eligibility. Part (A) of Form 10-U address challenges alleging that the person in question is not a citizen. The Secretary's purported source of authority for issuing Form 10-U is "R.C. 3505.20"—the same statute at issue in this lawsuit. Ex. A, Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (10/2024)*.

On October 21, 2024, Plaintiffs became aware that the Secretary of State had issued a revised version of Form 10-U (hereinafter "Revised Form 10-U"). *Id.* The form contains no date beyond "10/2024" to indicate when in October it was revised. *Id.*; *see also* Ohio Sec'y of State, *Forms & Petitions*, https://www.ohiosos.gov/elections/elections-officials/forms-petitions/ (last accessed Oct. 23, 2024) (likewise listing the form's "revised date" as "10/2024"). The Secretary never made any press statement or issued any temporary directive announcing that Form 10-U was revised. Ohio Sec'y of State, *Directives, Advisories, Memos & Tie Votes*, https://www.ohiosos.gov/elections/elections-officials/rules/ (last accessed Oct. 23, 2024); Ohio Sec'y of State, *Media Center*, https://www.ohiosos.gov/media-center/press-releases/ (last accessed Oct. 23, 2024).

3

Prior to this recent revision, Part (A) of Form 10-U still contained language that complied with this Court's injunction in this case. Under the previous versions of Form 10-U, including the version that was adopted in October 2006, when a person was "challenged as unqualified on the grounds that" the person "is not a citizen," the challenged voter was directed to answer the following question under oath: "Are you a citizen of the United States?" The person being challenged had to respond to that question, and the form directed that if "the person offering to vote answers the question in the affirmative the person shall be entitled to vote a regular ballot." *See* Ex. B, Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (08-17)* at Part (A); *see also, e.g.*, Ex. C, Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (06-14)* at Part (A); Ex. D, Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (10-06)* at Part (A).

In his recently Revised Form 10-U, the Secretary added a series of additional questions to Part (A) that persons who are "challenged as unqualified on the grounds that" the person "is not a citizen" must answer, and issued a different directive as to what action election officials are supposed to take depending on the challenged person's responses. Specifically, the Secretary added the following language to Part (A) of Revised Form 10-U:

(2) Are you a native or naturalized citizen? Ans. _____

(3) Where were you born? Ans. _____

(4) What official documentation do you possess to prove your citizenship? Ans. _____

Please provide that identification.

(The precinct election official must inspect documentation, including any certificate of naturalization and photo identification the voter provides.)

(The person must declare under oath that the person is the identical person named in the certificate. If the person states under oath that, by reason of the naturalization of the person's parents or one of them, the person has become a citizen of the United

States, and when or where the person's parents were naturalized, the certificate of naturalization need not be produced.)

(If the person declares under oath and provides the required documentation and photo identification proving their citizenship, they may vote a regular ballot. If they do not provide the required documentation and photo identification proving their citizenship, they must be provided a provisional ballot.)

Ex. A at Part (A). The questions that Secretary LaRose added to Revised Form 10-U are identical to those enjoined by this Court. Not only did the Secretary reinstate the enjoined language, he specifically invoked the statute that was the subject of this Court's injunction as his support. As a result, challenged persons are once again unable to vote a regular ballot and must instead vote a provisional ballot if they fail to provide the required documentation.

## **ARGUMENT**

### I. **The Secretary Violated a Definite and Specific Order Contained in This Court's Permanent Injunction.**

Parties can move a court to enforce an injunction through civil contempt proceedings. *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). "Under traditional principles of equity practice, courts have long imposed civil contempt sanctions to 'coerce the defendant into compliance' with an injunction or 'compensate the complainant for losses' stemming from the defendant's noncompliance with an injunction." *Taggart v. Lorenzen*, 587 U.S. 554, 560–61 (2019) (collecting cases and supporting authorities). *See also Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Spallone v. United States*, 493 U.S. 265, 276 (1990) (same); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 193 (1949) (describing civil contempt as "a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained

by reason of noncompliance," and explaining that "[t]he measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief").

As Plaintiffs to the original action, movants have standing to challenge the Secretary's violation of this Court's injunction and to seek enforcement of this Court's order.[2] *See Salazar v. Buono*, 559 U.S. 700, 712 (2010); *Glover v. Johnson*, 931 F. Supp. 1360, 1371 (E.D. Mich. 1996), *aff'd in part, rev'd in part on other grounds, and remanded*, 138 F.3d 229 (6th Cir. 1998).

To obtain a civil-contempt order compelling compliance with an injunction, movants bear the burden to establish by clear and convincing evidence that the Secretary "violated a definite and specific order of the court requiring [the Secretary] to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (quoting *Nat'l Lab. Rels. Bd. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). "Willfulness is not an element of civil contempt, so the intent of a party to disobey a court order is 'irrelevant to the validity of [a] contempt finding.'" *Id.* (quoting *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985)).

The evidence is clear and convincing that the Secretary is violating a definite and specific order of this Court. The Court enjoined the Secretary from enforcing "subsections (A)(2), (3), and (4) and the text following immediately thereafter" of Section 3505.20 of the Ohio Revised Code, even going so far as to copy and paste into its order the language that the Secretary was permanently enjoined from enforcing. ECF No. 18, PageID 247–48. The Secretary effectively

---

[2] Counsel were able to quickly make contact with six of the Plaintiffs who initiated this action— Laura Boustani, Dagmar Celeste, Margaret Wong, Service Employees International Union District 1199, CAIR-Ohio, and Federation of India Community Associations—and have filed this motion on their behalf. None of the remaining original Plaintiffs has indicated reluctance about the instant motion. Rather, given the expedited nature of this filing, counsel have not yet made contact with the remaining Plaintiffs.

copied and pasted much of that same enjoined language *back into the now-operative Revised Form 10-U*, *see* Ex. A, which the Secretary created for use when "any person offering to vote" is "challenged at the polling place by any precinct election official." R.C. § 3505.20. In support of the revised form, he cites the statute that was the subject of this Court's injunction. Once again, the Secretary has transformed naturalized citizens whose qualifications to vote are challenged into "second-class citizen[s] or second-class American[s]." ECF No. 20, PageID.

As the sole Defendant bound by this Court's permanent injunction, the Ohio Secretary of State surely has knowledge of this Court's order. What is more, Plaintiffs emailed Secretary LaRose a letter on October 23, 2024, at 12:07 p.m. to inform him of the blatant violation of this Court's order. *See* Ex. E, Letter from Freda Levenson to Sec'y Frank LaRose (Oct. 23, 2024). The Secretary's office acknowledged receipt of Plaintiffs' letter, and declined to retract Revised Form 10-U.

## II. There Is No Permissible Basis for the Secretary's Failure to Comply with This Court's Injunction.

Because Plaintiffs have established a *prima facie* case that the Secretary violated this Court's order, the Secretary must prove "that he is *presently* unable to comply with the court's order." *Elec. Workers Pension Tr. Fund*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). To evade compliance with a court order without being subject to civil contempt, courts in this Circuit have made clear that a defendant must meet a high bar, and "show 'categorically and in detail' why he or she is unable to comply with the court's order." *Rolex Watch U.S.A.*, 74 F.3d at 720 (citation omitted). "The burden of proving impossibility of complying with an order 'is difficult to meet.'" *Nat'l Lab. Rels. Bd. v. Bannum, Inc.*, 93 F.4th 973, 980 (6th Cir. 2024) (quoting *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991)). Further, "an inability to comply is not established by 'evidence or . . . denials which the court finds incredible in context.'"

7

*Id.* (quoting *Maggio v. Zeitz*, 333 U.S. 56, 76 (1948)). To meet this high bar, a contemnor must "show that it 'took all reasonable steps within [its] power to comply with the court's order,' but is nonetheless unable to comply." *Nat'l Lab. Rels. Bd.*, 93 F.4th at 980 (quoting *Peppers v. Barry*, 873 F.2d 967, 968–69 (6th Cir. 1989)). The Secretary cannot meet that bar.

To comply with this Court's straightforward order, the Secretary simply had to continue refraining from enforcing the mandates of R.C. §§ 3505.20(A)(2), (3), (4), and the language immediately following subsection (4). *See* ECF No. 18, PageID 247–48. Indeed, he successfully did so for nearly two decades, right up until the eve of this presidential election. Instead of staying the course, in October 2024, the Secretary not only opted to reintegrate multiple questions and requirements into the voter-challenge process that were *identical* to portions of Section 3505.20(A) enjoined by this Court in 2006, he brazenly invoked the statute that was the subject of this Court's injunction as his support. The only version of Form 10-U now available on the Secretary's website subjects challenged voters to the same interrogation and demands for documentary proof that this Court enjoined. *See* Ohio Sec'y of State, *Forms & Petitions*, https://www.ohiosos.gov/elections/elections-officials/forms-petitions/ (last accessed Oct. 23, 2024). The Secretary's action in violation of this Court's order was easily avoidable—indeed, compliance with the Order required no action on his part at all.

Nor can the Secretary credibly claim that continued compliance is "impossible" for any other reason. As in 2006, voting by non-citizens remains exceedingly rare today. A 2017 study showed that "across 42 jurisdictions, election officials who oversaw the tabulation of 23.5 million votes in the 2016 general election referred only an estimated 30 incidents of suspected noncitizen voting for further investigation or prosecution," accounting for only 0.0001 percent of the votes in those jurisdictions. *See* Keith Douglas & Myrna Perez, *Noncitizen Voting: The Missing Millions*

(May 5, 2017), https://perma.cc/J4X8-LYDM. The facts are no different in Ohio. As the Ohio Attorney General acknowledged in his press release announcing the recent indictments of six Ohio residents who, between the years of 2008 and 2020, allegedly voted at a time when they lacked U.S. citizenship: "Irregularities like this are rare, and this is a small number of cases." Ohio Att'y Gen., *News Releases: Grand Juries Indict 6 for Illegal Voting* (Oct. 22, 2024), https://www.ohioattorneygeneral.gov/Media/News-Releases/October-2024/Grand-Juries-Indict-6-for-Illegal-Voting.[3] Indeed, Defendant has provided public assurances that "Ohio has one of the most secure and successful election systems in the nation." David Rees, *How Secretary of State Frank LaRose says Ohio's elections are secured*, NBC 4i News (Oct. 22, 2024), https://www.nbc4i.com/news/your-local-election-hq/how-secretary-of-state-frank-larose-says-ohios-elections-are-secured/.

Thus, the Secretary cannot show inability to comply with the order entered by this Court in 2006, because the Secretary had complied without issue for nearly two decades until sometime earlier this month, and because compliance on his part requires only maintaining the "secure and successful" status quo.

---

[3] Notably, only six out of 138 suspected non-U.S. citizen voters—or 0.04 percent—who were referred to the attorney general by the Secretary of State were indicted. Lynn Hulsey, *Six indictments in Ohio allege non-U.S. citizens voted*, Springfield News-Sun (Oct. 22, 2024), https://perma.cc/4Q5U-V5J8. The actual percentage is even smaller, as the Secretary had initially issued hundreds of additional referrals of non-citizens who appeared on the voter rolls but had never cast a ballot, which the Attorney General decided not to pursue. Julie Carr Smith, *Ohio finds 597 noncitizens who voted or registered in recent elections, a fraction of its electorate*, Associated Press (Aug. 21, 2024), https://apnews.com/article/ohio-voters-citizenship-referrals-42799a379bdda8bca7201d6c42f99c65. And even of the six persons the Attorney General indicted, one has apparently been dead for nearly two years. Jake Zuckerman, *Cuyahoga prosecutor says Ohio AG Dave Yost indicted a dead man for illegal voting* (Oct. 23, 2024), https://www.cleveland.com/open/2024/10/cuyahoga-prosecutor-says-ohio-ag-dave-yost-indicted-a-dead-man-for-illegal-voting.html.

## **CONCLUSION**

This Court should compel Defendant to comply with this Court's previous injunction and revert to the prior, compliant version of Part (A) of Form 10-U in use before October 2024, by reentering the same order that this Court previously issued on October 4, 2006 (ECF No. 18, PageID 247–48), which required the Ohio Secretary of State to undertake the following actions:

**a.** Enjoining the following portions of Section 3505.20 of the Ohio Revised Code as unconstitutional:

> (2) Are you a native or naturalized citizen?

> (3) Where were you born?

> (4) What official documentation do you possess to prove your citizenship? Please provide that documentation.

> If the person offering to vote claims to be a naturalized citizen of the United States, the person shall, before the vote is received, produce for inspection of the judges a certificate of naturalization and declare under oath that the person is the identical person named in the certificate. If the person states under oath that, by reason of the naturalization of the person's parents or one of them, the person has become a citizen of the United States, and when or where the person's parents were naturalized, the certificate of naturalization need not be produced. If the person is unable to provide a certificate of naturalization on the day of the election, the judges shall provide to the person, and the person may vote, a provisional ballot under section 3505.181 of the Revised Code. The provisional ballot shall not be counted unless it is properly completed and the board of elections determines that the voter is properly registered and eligible to vote in the election.

**b.** Ordering that the Secretary of State shall issue a Directive, which is not inconsistent with this Court's October 4, 2006, Opinion and Order, to the local boards of election in all counties of the State of Ohio.

Date: October 23, 2024

Respectfully submitted,

/s/ Freda J. Levenson
Freda J. Levenson (Bar. No. 0045916)
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
Cleveland, OH 44103
(216) 541-1376
flevenson@acluohio.org

Subodh Chandra (Ohio Bar No. 0069233)
The Chandra Law Building
1265 W. 6th St., Ste. 400
Cleveland, OH 44113
216.578.1700 (Phone)
216.578.1800 (Fax)
Subodh.Chandra@ChandraLaw.com

*Motion *pro hac vice* forthcoming

Megan C. Keenan*
Sarah Brannon*
American Civil Liberties Union Foundation
915 15th St. NW
Washington, DC 20005
(740) 632-0671
mkeenan@aclu.org
sbrannon@aclu.org

Sophia Lin Lakin*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org

Jen Samantha D. Rasay*
Alice Clapman*
Brennan Center for Justice
at NYU School of Law
1140 Connecticut Avenue, Ste. 1150
Washington, DC 20036
(202) 249-7190
rasayj@brennan.law.nyu.edu
clapmana@brennan.law.nyu.edu

# EXHIBIT A

Form No. 10-U Prescribed by Secretary of State (10/2024)

## Affidavit-Oath-Examination of Person Challenged

*R.C. 3505.20*

The State of Ohio, _____ County, ss.

I, _____ the undersigned, swear or affirm under penalty of election falsification that I will fully and truly answer all of the following questions put to me, concerning my qualifications as an elector at this election.

**Being challenged as unqualified on the grounds that:**

**(A)** ☐ **The person is not a citizen, the following question shall be asked:**

(1) Are you a citizen of the United States?  Ans. _____

(2) Are you a native or naturalized citizen? Ans. _____

(3) Where were you born? Ans. _____

(4) What official documentation do you possess to prove your citizenship? Ans. _____

Please provide that identification.

(The precinct election official must inspect documentation, including any certificate of naturalization and photo identification the voter provides.)

(The person must declare under oath that the person is the identical person named in the certificate. If the person states under oath that, by reason of the naturalization of the person's parents or one of them, the person has become a citizen of the United States, and when or where the person's parents were naturalized, the certificate of naturalization need not be produced.)

**(If the person declares under oath and provides the required documentation and photo identification proving their citizenship, they may vote a regular ballot. If they do not provide the required documentation and photo identification proving their citizenship, they must be provided a provisional ballot.)**

**(B)** ☐ **The person is not a resident of the state for thirty days immediately preceding election, the following questions shall be asked:**

(1) Have you resided in this state for thirty days immediately preceding this election? Ans. _____

If yes:

(a) Where have you resided? Ans. _____

(2) Did you properly register to vote? Ans. _____

(3) Can you provide some form of identification containing your current mailing address in this precinct? Ans. _____  Please provide that identification.

(4) Have you voted or attempted to vote at any other location in this or in any other state at this election? Ans. _____

(5) Have you applied for an absent voter's ballot in any state for this election? Ans. _____

(If, from the above responses, the precinct election officials are unable to determine the person's eligibility, the precinct election officials shall provide and the person may vote a provisional ballot.)

**(C)** ☐ **The person is not a resident of the precinct where the person offers to vote, the following questions shall be asked:**

(1) Do you reside in this precinct? Ans. _____

(2) When did you move into this precinct? Ans. _____

(3) When you came into this precinct, did you come for a temporary purpose merely or for the purpose of making it your home?  Ans. _____

(4) What is your current mailing address? Ans. _____

(5) Do you have some official identification containing your current address in this precinct?

Ans. _____

Please provide that identification.

(6) Have you voted or attempted to vote at any other location in this or in any other state at this election?  Ans. _____

(7) Have you applied for any absent voter's ballot in any state for this election? Ans. _____

(If the person is not at the appropriate polling place, the precinct election officials shall direct the person to the correct polling place. If the person refuses to go to the appropriate polling place or the precinct election officials are unable to determine the person's eligibility to cast a ballot, the precinct election officials shall provide and the person may vote a provisional ballot.)

**(D)** ☐ **The person is not of legal voting age, the following questions shall be asked:**

(1) Are you eighteen years of age or more? Ans. _____

(2) What is your date of birth?  Ans. _____

(3) Do you have some official identification verifying your age?    Ans. _____

Please provide that identification.

(If the precinct election officials are unable to determine the person's age and eligibility to cast a ballot, the judges shall provide and the person may vote a provisional ballot.)

**Other Questions and Answers Necessary to Determine Person's Qualifications to Vote in this Election (if necessary)**

_____

_____

_____

_____

_____

Signature _____

Challenged person's signature

Sworn to before me and signed in my presence, this _____ day of _____ , _____ .

(Day)                    (Month)           (Year)

_____

Signature of Voting Location Manager

_____

Name of Precinct or Voting Location

_____

Township or Ward and City or Village

If a person refuses to fully answer the questions, is unable to answer the questions, refuses to sign or make the person's mark or if the majority of precinct election officials believe that the person is not entitled to vote, the precinct election officials shall provide, and the person may vote a provisional ballot.

# EXHIBIT B

Form No. 10-U Prescribed by Secretary of State (08-17)

## Affidavit-Oath-Examination of Person Challenged

*R.C. 3505.20*

The State of Ohio, _____County, ss.

I, _____ the undersigned, swear or affirm under penalty of election falsification that I will fully and truly answer all of the following questions put to me, concerning my qualifications as an elector at this election.

**Being challenged as unqualified on the grounds that:**

**(A)** ☐ **The person is not a citizen, the following question shall be asked:**

Are you a citizen of the United States? Ans. _____

**(If the person offering to vote answers the question in the affirmative the person shall be entitled to vote a regular ballot.)**

**(B)** ☐ **The person is not a resident of the state for thirty days immediately preceding election, the following questions shall be asked:**

(1) Have you resided in this state for thirty days immediately preceding this election?

Ans. _____ If yes:

(a) Where have you resided? Ans. _____

(2) Did you properly register to vote? Ans. _____

(3) Can you provide some form of identification containing your current mailing address in this precinct?

Ans. _____ Please provide that identification.

(4) Have you voted or attempted to vote at any other location in this or in any other state at this election?

Ans. _____

(5) Have you applied for an absent voter's ballot in any state for this election? Ans. _____

(If, from the above responses, the precinct election officials are unable to determine the person's eligibility, the precinct election officials shall provide and the person may vote a provisional ballot.)

**(C)** ☐ **The person is not a resident of the precinct where the person offers to vote, the following questions shall be asked:**

(1) Do you reside in this precinct? Ans. _____

(2) When did you move into this precinct? Ans. _____

(3) When you came into this precinct, did you come for a temporary purpose merely or for the purpose of making it your home?

Ans. _____

(4) What is your current mailing address? Ans. _____

(5) Do you have some official identification containing your current address in this precinct?

Ans. _____ Please provide that identification.

(6) Have you voted or attempted to vote at any other location in this or in any other state at this election?

Ans. _____

(7) Have you applied for any absent voter's ballot in any state for this election?

Ans. _____

(If the person is not at the appropriate polling place, the precinct election officials shall direct the person to the correct polling place. If the person refuses to go to the appropriate polling place or the precinct election officials are unable to determine the person's eligibility to cast a ballot, the precinct election officials shall provide and the person may vote a provisional ballot.)

**(D)** ☐ **The person is not of legal voting age, the following questions shall be asked:**

(1) Are you eighteen years of age or more? Ans. _____

(2) What is your date of birth?          Ans. _____

(3) Do you have some official identification verifying your age?      Ans. _____
     Please provide that identification.

(If the precinct election officials are unable to determine the person's age and eligibility to cast a ballot, the judges shall provide and the person may vote a provisional ballot.)

**Other Questions and Answers Necessary to Determine Person's Qualifications to Vote in this Election (if necessary)**

_____

_____

_____

_____

Signature _____

                           Challenged person's signature

Sworn to before me and signed in my presence, this _____ day of _____ , _____ .
                                                                         (Day)                    (Month)              (Year)

_____

Signature of Voting Location Manager

_____

Name of Precinct

_____

Township or Ward and City or Village

If a person refuses to fully answer the questions, is unable to answer the questions, refuses to sign or make the person's mark or if the majority of precinct election officials believe that the person is not entitled to vote, the precinct election officials shall provide and the person may vote a provisional ballot.

EXHIBIT C

Form 10-U Prescribed by the Secretary of State (06-14)

# Affidavit-Oath-Examination of Person Challenged

Revised Code Section 3505.20

The State of Ohio, _____ County, ss.

I, _____ the undersigned, swear or affirm under penalty of election falsification that I will fully and truly answer all of the following questions put to me, concerning my qualifications as an elector at this election.

**Being challenged as unqualified on the grounds that:**

**(A) _____ The person is not a citizen, the following question shall be asked:**

Are you a citizen of the United States?  Ans._____

**(If the person offering to vote answers the question in the affirmative the person shall be entitled to vote a regular ballot.)**

**(B) _____ The person is not a resident of the state for thirty days immediately preceding election, the following questions shall be asked:**

(1) Have you resided in this state for thirty days immediately preceding this election? Ans._____  If yes:
  (a) Where have you resided?  Ans._____
(2) Did you properly register to vote? Ans. _____
(3) Can you provide some form of identification containing your current mailing address in this precinct?  Ans. _____  Please provide that identification.
(4) Have you voted or attempted to vote at any other location in this or in any other state at this election?
(5) Have you applied for an absent voter's ballot in any state for this election? Ans. _____

(If, from the above responses, the precinct election officials are unable to determine the person's eligibility, the precinct election officials shall provide and the person may vote a provisional ballot.)

**(C) _____ The person is not a resident of the precinct where the person offers to vote, the following questions shall be asked:**

(1) Do you reside in this precinct?  Ans. _____
(2) When did you move into this precinct?  Ans. _____
(3) When you came into this precinct, did you come for a temporary purpose merely or for the purpose of making it your home?  Ans. _____
(4) What is your current mailing address? Ans. _____
(5) Do you have some official identification containing your current address in this precinct? Ans. _____  Please provide that identification.
(6) Have you voted or attempted to vote at any other location in this or in any other state at this election?  Ans. _____
(7) Have you applied for any absent voter's ballot in any state for this election? Ans. _____

(If the person is not at the appropriate polling place, the precinct election officials shall direct the person to the correct polling place. If the person refuses to go to the appropriate polling place or the precinct election officials are unable to determine the person's eligibility to cast a ballot, the precinct election officials shall provide and the person may vote a provisional ballot.)

**(D)  _____  The person is not of legal voting age, the following questions shall be asked:**

    (1)  Are you eighteen years of age or more?  Ans. _____

    (2)  What is your date of birth? Ans. _____

    (3)  Do you have some official identification verifying your age? Ans. _____
        Please provide that identification.

    (If the precinct election officials are unable to determine the person's age and eligibility to cast a ballot, the judges shall provide and the person may vote a provisional ballot.)

**Other Questions and Answers Necessary to Determine Person's Qualifications to Vote in this Election (if necessary)**

_____

_____

_____

_____

Signature _____

Challenged person's signature

Sworn to before me and signed in my presence, this _____ day of _____, _____.

_____

Signature of Voting Location Manager

_____

Name of Precinct

_____

Township or Ward and City or Village

If a person refuses to fully answer the questions, is unable to answer the questions, refuses to sign or make the person's mark or if the majority of precinct election officials believe that the person is not entitled to vote, the precinct election officials shall provide and the person may vote a provisional ballot.

# EXHIBIT D

Form 10-U Prescribed by the Secretary of State (10-06)

# Affidavit-Oath-Examination of Person Challenged

Revised Code Section 3505.20

The State of Ohio, _____ County, ss.

I, _____ the undersigned, swear or affirm under penalty of election falsification that I will fully and truly answer all of the following questions put to me, concerning my qualifications as an elector at this election.

**Being challenged as unqualified on the grounds that:**

**(A) _____ The person is not a citizen, the following question shall be asked:**

Are you a citizen of the United States?  Ans._____

**(If the person offering to vote answers the question in the affirmative the person shall be entitled to vote a regular ballot.)**

**(B) _____ The person is not a resident of the state for thirty days immediately preceding election, the following questions shall be asked:**

(1) Have you resided in this state for thirty days immediately preceding this election?
Ans._____  If yes:
   (a) Where have you resided?  Ans._____
(2) Did you properly register to vote? Ans. _____
(3) Can you provide some form of identification containing your current mailing address in this precinct?  Ans. _____  Please provide that identification.
(4) Have you voted or attempted to vote at any other location in this or in any other state at this election?
(5) Have you applied for an absent voter's ballot in any state for this election? Ans. _____

(If, from the above responses, the election judges are unable to determine the person's eligibility, the election judges   shall provide and the person may vote a provisional ballot.)

**(C) _____ The person is not a resident of the precinct where the person offers to vote, the following questions shall be asked:**

(1) Do you reside in this precinct?  Ans. _____
(2) When did you move into this precinct?  Ans. _____
(3) When you came into this precinct, did you come for a temporary purpose merely or for the purpose of making it your home?  Ans. _____
(4) What is your current mailing address? Ans. _____
(5) Do you have some official identification containing your current address in this precinct?
Ans. _____  Please provide that identification.
(6) Have you voted or attempted to vote at any other location in this or in any other state at this election?  Ans. _____
(7) Have you applied for any absent voter's ballot in any state for this election?
Ans. _____

(If the person is not at the appropriate polling place, the election judges shall direct the person to the correct polling place. If the person refuses to go to the appropriate polling place or the election judges are unable to determine the person's eligibility to cast a ballot, the election judges shall provide and the person may vote a provisional ballot.)

**(D)** _____ **The person is not of legal voting age, the following questions shall be asked:**

(1) Are you eighteen years of age or more? Ans. _____

(2) What is your date of birth? Ans. _____

(3) Do you have some official identification verifying your age? Ans. _____
Please provide that identification.

(If the election judges are unable to determine the person's age and eligibility to cast a ballot, the judges shall provide and the person may vote a provisional ballot.)

**Other Questions and Answers Necessary to Determine Person's Qualifications to Vote in this Election (if necessary)**

_____

_____

_____

_____

Signature                    _____

(Challenged person's signature)

Sworn to before me and signed in my presence, this _____ day of _____, _____.

_____

Signature of Presiding Judge of Election

_____

Name of Precinct

_____

Township or Ward and City or Village

If a person refuses to fully answer the questions, is unable to answer the questions, refuses to sign or make the person's mark or if the majority of election judges believe that the person is not entitled to vote, the election judges shall provide and the person may vote a provisional ballot.

# EXHIBIT E

*Via email and U.S. Mail*

October 23, 2024

Frank LaRose
Ohio Secretary of State
22 N Fourth St., 16th Floor
Columbus, OH 43215
flarose@ohiosos.gov

Secretary LaRose:

It came to our attention on October 21, 2024 that the Ohio Secretary of State's office has issued a revised Form 10-U, which is the form used when a person's qualifications to vote are challenged at their polling place by a precinct election official under Section 3505.20 of the Ohio Revised Code. This newly updated version of the form is dated "10/2024" and can be found on the Secretary of State's website. *See* https://www.ohiosos.gov/elections/elections-officials/forms-petitions/; https://www.ohiosos.gov/globalassets/elections/forms/10-u.pdf (last visited Oct. 23, 2024) (hereinafter "Revised Form 10-U").

As described further below, Revised Form 10-U violates the permanent injunction issued against the Ohio Secretary of State in 2006 in *Boustani v. Blackwell*, 460 F. Supp. 2d 822 (N. D. Ohio 2006), a case brought by the ACLU of Ohio and co-counsel on behalf of naturalized citizens registered to vote in Ohio, as well as organizations with naturalized citizen members. In that lawsuit, a federal court permanently enjoined the Secretary of State from requiring voters whose qualifications were challenged under Section 3505.20 to produce documentation of citizenship — including by enjoining the Secretary of State from enforcing Section 3505.20(A)(2), (3), and (4) as unconstitutional. It is precisely this enjoined language that your office has reintroduced into Section A of Revised Form 10-U.

We request that you immediately retract Revised Form 10-U and revert to the prior version of Form 10-U that complied with the federal court's permanent injunction against the Secretary of State.[1] We request that you also issue a Directive that is consistent with the *Boustani* Court's October 4, 2006 Opinion and Order to the local boards of election in all counties of the State of Ohio. *Boustani*, 460 F. Supp. 2d at 824.

Correcting this violation of federal law and ensuring compliance with the federal court order referenced above is urgent, as voting is already well underway in Ohio. If we do not receive a response by 5:00 P.M. today (October 23, 2024) confirming that your office agrees to perform the actions detailed in the previous paragraph of this letter, we are prepared to take further action to protect Ohio voters from your unconstitutional conduct.

---

[1] *See* Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (08-17)*, https://web.archive.org/web/20220811073802/https://www.ohiosos.gov/globalassets/elections/forms/10-u.pdf (captured Aug. 11, 2022, last accessed Oct. 23, 2024).

1

**2006 Injunction Against Ohio Secretary of State in *Boustani v. Blackwell***

In August 2006, naturalized citizens registered to vote in Ohio, as well as organizations with naturalized citizen members, filed a lawsuit against the Ohio Secretary of State, seeking to enjoin enforcement of portions of then-recently amended Section 3505.20(A) of the Ohio Revised Code. *See* ECF No. 1, *Boustani v. Blackwell*, No. 1:06-cv-02065-CAB (N.D. Ohio Aug. 29, 2006).

The challenged portions of Section 3505.20(A) required that, if a precinct election official challenged a person who appeared at their polling place as unqualified to vote on the ground that the person was not a citizen, the person being challenged had to respond to each of the following questions:

(2) Are you a native or naturalized citizen?

(3) Where were you born?

(4) What official documentation do you possess to prove your citizenship? Please provide that documentation.

*Boustani*, 460 F. Supp. 2d at 824 (quoting R.C. § 3505.20(A)(2), (3), & (4)). The challenged portion of the law also required the following:

> If the person offering to vote claims to be a naturalized citizen of the United States, the person shall, before the vote is received, produce for inspection of the judges a certificate of naturalization and declare under oath that the person is the identical person named in the certificate. If the person states under oath that, by reason of the naturalization of the person's parents or one of them, the person has become a citizen of the United States, and when or where the person's parents were naturalized, the certificate of naturalization need not be produced. If the person is unable to provide a certificate of naturalization on the day of the election, the judges shall provide to the person, and the person may vote, a provisional ballot under section 3505.181 of the Revised Code. The provisional ballot shall not be counted unless it is properly completed and the board of elections determines that the voter is properly registered and eligible to vote in the election.

*Id.* at 824–25 (quoting the portion of R.C. § 3505.20(A) immediately following subsection (4)).

On October 4, 2006, the U.S. District Court for the Northern District of Ohio determined that the challenged language excerpted above is unconstitutional. *Id.* at 824; *see also id.* at 827. The Court issued a permanent injunction against the Ohio Secretary of State and all others acting for and on his behalf, prohibiting the Secretary from enforcing "subsections (A)(2), (3), and (4) and the text following immediately thereafter" of Section 3505.20(A) of the Ohio Revised Code. *Id.* at 824–25.

**2024 Form 10-U Issued by Ohio Secretary of State**

Form 10-U is titled "Affidavit-Oath-Examination of Person Challenged," and the Secretary's purported source of authority for issuing Form 10-U is "R.C. 3505.20"—the same statute at issue in the *Boustani* litigation in 2006.[2]

Previous versions of Form 10-U had been updated to comply with this Court's injunction in this case. In previous versions of Form 10-U, when a person was "challenged as unqualified on the grounds that" the person "is not a citizen," the challenged voter was directed to answer the following question under oath: "Are you a citizen of the United States?" The form directed that if "the person offering to vote answers the question in the affirmative the person shall be entitled to vote a regular ballot."[3]

On October 21, 2024, we became aware that your office had issued Revised Form 10-U. Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (10/2024)*, https://www.ohiosos.gov/globalassets/elections/forms/10-u.pdf (last accessed Oct. 23, 2024).[4]

In Revised Form 10-U, you direct that, when a person is "challenged as unqualified on the grounds that" the person "is not a citizen," the challenged voter must respond to each of the following questions:

(2) Are you a native or naturalized citizen? Ans. _____

(3) Where were you born? Ans. _____

(4) What official documentation do you possess to prove your citizenship? Ans. _____

Please provide that identification.

Revised Form 10-U also requires the following:

---

[2] Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (10/2024)*, https://www.ohiosos.gov/globalassets/elections/forms/10-u.pdf (last accessed Oct. 23, 2024).

[3] *See* Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State (08-17)*, https://web.archive.org/web/20220811073802/https://www.ohiosos.gov/globalassets/elections/forms/10-u.pdf (captured Aug. 11, 2022, last accessed Oct. 23, 2024).

[4] The form contains no date beyond "10/2024" to indicate when it was revised. *Id.*; *see also* Ohio Sec'y of State, *Forms & Petitions*, https://www.ohiosos.gov/elections/elections-officials/forms-petitions/ (last accessed Oct. 23, 2024) (likewise listing the form's "revised date" as "10/2024"). The Secretary has neither made any press statement nor issued any temporary directive explaining that Form 10-U has been revised. Ohio Sec'y of State, *Directives, Advisories, Memos & Tie Votes*, https://www.ohiosos.gov/elections/elections-officials/rules/ (last accessed Oct. 23, 2024); Ohio Sec'y of State, *Media Center*, https://www.ohiosos.gov/media-center/press-releases/ (last accessed Oct. 23, 2024).

(The precinct election official must inspect documentation, including any certificate of naturalization and photo identification the voter provides.)

(The person must declare under oath that the person is the identical person named in the certificate. If the person states under oath that, by reason of the naturalization of the person's parents or one of them, the person has become a citizen of the United States, and when or where the person's parents were naturalized, the certificate of naturalization need not be produced.)

(**If the person declares under oath and provides the required documentation and photo identification proving their citizenship, they may vote a regular ballot. If they do not provide the required documentation and photo identification proving their citizenship, they must be provided a provisional ballot**.)[5]

The questions added to Revised Form 10-U are plainly identical to those enjoined by the Court in *Boustani*, as are the instructions and the consequences of failing to provide the required documentation.

Accordingly, we request that you immediately retract Revised Form 10-U and revert to the prior version of Form 10-U that complied with the federal court's permanent injunction against the Secretary of State. We request that you also immediately issue a Directive that is consistent with the *Boustani* Court's October 4, 2006 Opinion and Order to the local boards of election in all counties of the State of Ohio. *Boustani*, 460 F. Supp. 2d at 824–25.

Sincerely,

Freda Levenson
Legal Director
ACLU of Ohio Foundation

CC:
lobhof@ohiosos.gov
kburns@ohiosos.gov
lmerriman@ohiosos.gov
shuffman@ohiosos.gov
senlow@ohiosos.gov

---

[5] Ohio Sec'y of State, *Form No. 10-U Prescribed by Secretary of State* (10/2024), https://www.ohiosos.gov/globalassets/elections/forms/10-u.pdf (last accessed Oct. 23, 2024).